# ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 JAN -3 P 2: 31

CLERK _____
SO. DIST. OF GA.

JAMES MICHAEL WILLIAMS,         )
                                )
            Plaintiff,          )
                                )
    v.                          )        CV 306-062
                                )
MEDICAL STAFF AT WHEELER        )
CORRECTIONAL FACILITY and       )
FNU BLACKBURN, Nurse,           )
                                )
            Defendants.         )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Calhoun State Prison in Morgan, Georgia, filed the above-captioned civil rights complaint, pursuant to 42 U.S.C. § 1983. After receiving Plaintiff's complaint, the Court attempted to screen it pursuant to 28 U.S.C. §§ 1915(e) & 1915A. Because Plaintiff had improperly named the entire medical staff at Wheeler Correctional Facility ("Wheeler") in his complaint, the Court directed Plaintiff to file an amended complaint (doc. no. 9), and Plaintiff subsequently complied (doc. no. 10). Because Plaintiff's amended complaint was filed *in forma pauperis*, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is

frivolous or malicious or that fails to state a claim upon which relief may be granted. 28

U.S.C. §§ 1915(e) & 1915A.

## I.   BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following.

Plaintiff names the medical staff at Wheeler and FNU Blackburn, Nurse, as Defendants in

this case.  In his amended complaint, Plaintiff asserts that when he arrived at Wheeler in

February 2006, prison officials called Defendant Blackburn to view Plaintiff's medical

record and inform them about Plaintiff's "medical problem."[1] (Doc. no. 10, p. 3).  Plaintiff

states that at some point after Defendant Blackburn complied with this request, an incident

occurred, and he was removed from the housing dorm for 24 hours. (Id.).  When he returned,

Plaintiff claims that despite his "medical issues," he was placed on the top bunk.  (Id.).

Plaintiff states that after he had the sergeant of the housing unit call the medical staff about

this issue, the medical staff[2] allegedly told the sergeant that Plaintiff's medical file indicated

that he had no medical problems.  (Id.).  Plaintiff asserts that he subsequently reviewed his

medical record and noticed that Nurse Blackburn had removed documents from it.  (Id.).

## II.   DISCUSSION

### A.   Medical Staff at Wheeler

In the Court's Order directing Plaintiff to amend his complaint, the Court warned

Plaintiff that it was improper to name the entire medical staff at Wheeler as a Defendant and

---

[1] Plaintiff does not indicate the nature of his medical problem.

[2] Plaintiff does not state who specifically told the sergeant that Plaintiff did not have a medical problem.

that his amended complaint would supersede his previously filed complaint. (Doc. no. 9, p. 2 (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). The Court also specifically told Plaintiff that he must name all defendants in the caption and the body of the amended complaint. (Id. at 2-3). Upon review of the amended complaint, the Court finds that although Plaintiff did not list the medical staff in the caption of his amended complaint or in the section of the complaint form instructing him to list the names of the defendants, Plaintiff refers to the medical staff in his statement of claim. However, it does not appear that Plaintiff asserts a cause of action against the medical staff, but only cites the medical staff's actions as they relate to the facts surrounding Nurse Blackburn. Because Plaintiff was warned that naming the entire medical staff at Wheeler was improper and it does not appear that Plaintiff intended to state a cause of action against the medical staff, the Court recommends that the medical staff at Wheeler be **DISMISSED** from this lawsuit.

**B.      Missing Medical Record**

Further, in his amended complaint, Plaintiff claims that Nurse Blackburn violated his constitutional rights by removing a document from his medical record. However, as a stand alone issue, having a complete medical record does not implicate a federal right, such that removal of a document from Plaintiff's medical record did not violate his constitutional rights. See Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (noting that a plaintiff must show that he or she was *deprived of a federal right* by a person acting under color of state law in order to prevail on a civil rights action under § 1983 (emphasis added)).

3

However, the fact that a medical document was allegedly removed from Plaintiff's medical file could support a claim of deliberate indifference to a serious medical need if the removal led to an unconstitutional lack of medical care for a serious medical need. The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners. Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999). Because a prisoner is unable to care for his medical needs as a result of his incarceration, the Eighth Amendment requires prison authorities to provide medical care for those they incarcerate. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Based on this rudimentary principle, the Supreme Court concluded that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 105.

In order to succeed in a medical indifference claim, a plaintiff must satisfy both an objective and a subjective component. Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). To satisfy the objective component, a plaintiff must show that his medical need is serious, or that the need "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the need for a doctor's attention." Id. at 1187. For the subjective component, a plaintiff must show that the defendant possessed "knowledge of the need for medical care" and displayed "the intentional refusal to provide that care." Id. at 1186.

In the instant case, Plaintiff has failed to allege facts that would establish the objective standard for a deliberate indifference claim. Specifically, although Plaintiff states that he had "medical issues" and a "medical problem" (doc. 10, p. 3), Plaintiff does not specifically state what those "medical issues" are, or demonstrate that these "medical issues"

4

constitute a serious medical need. Thus, Plaintiff has failed to establish that he has a legitimate medical need and that the need "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the need for a doctor's attention." See Hill, 40 F.3d at 1187. Therefore, Plaintiff has failed to state a claim for deliberate indifference to a serious medical need.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of January, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE